## THE RICHMOND AND DANVILLE RAILROAD CO.
### *v.*
## DIDZONEIT.

---

Negligence ; Contributory Negligence ; Reckless Injury.

The plaintiff in an action for damages for personal injuries, who has been guilty of contributory negligence, but who seeks to escape the consequence of his own negligence upon the ground that the injury complained of was caused by the recklessness and wilful negligence of the defendant, must show that the defendant had actual knowledge of the plaintiff's danger, and could, by the exercise of ordinary care and prudence, have avoided the resulting injury.

No. 109.   Submitted October 16, 1893.—Decided November, 9, 1893.

Hearing on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, holding a

law term, overruling a motion for a new trial on a bill of exceptions, in an action for damages for personal injuries. *Reversed.*

THE COURT in its opinion stated the case as follows :

This is a suit at law to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant.

The plaintiff, a boy about sixteen years of age, was injured at Manassas, in the State of Virginia, on August 24, 1889, by having his foot crushed by an engine attached to a freight train of the Richmond and Danville R. R. Co., while he was sitting on a platform adjacent to the company's track with his foot on the rail. On the previous night he had ridden by stealth on a freight train of the company from Alexandria, where he resided, to Manassas; and on the morning of the 24th, having purchased at Manassas a ticket to a small place named Wellington, a few miles distant, he entered, in company with a young friend, a car destined for Wellington, which was standing at the station. Having to wait some time, he left the car again, as he stated, to inquire of the conductor the time at which it would start, and having made his inquiry, he sat down on the edge of a platform within eighteen inches or two feet of the principal track of the road, and, it seems, went to sleep. While he sat there, a freight train came up from the south and stopped in front of a hotel about forty yards from the place where the boy was. A street intervened between the hotel and the platform, but the track was quite straight for a considerable distance.

The engineer of the freight train alighted from his engine, as he says, to receive orders. Returning to his engine, he set it in motion in order to proceed onwards. Immediately after starting, he noticed the boy sitting on the platform, with his head resting on his hand and his face turned southward in the direction from which the train was moving. When he got closer, he noticed that the boy's eyes were closed, and he immediately reversed his engine and stopped

the train, which was not moving at a greater rate than three or four miles an hour. It was too late, however. One wheel of the engine passed over the boy's foot and partly crushed it. The engineer stated in his testimony that, while he noticed the boy after he had started his train, he did not stop immediately because he supposed the boy would move; and he did not notice that the boy had his foot on the rail. These are the substantial facts of the case as they were developed at the trial. It may be added, however, that it was in proof that Manassas was an incorporated town; and that no bell had been rung and no signal blown by the engineer at the time at which he started his train.

Instructions were requested at the trial by the defendant, which need not be specified here in detail. The general tenor of them was that, as the plaintiff was guilty of contributory negligence, he was not entitled to recover. These instructions the court refused to give; and charged the jury that if they believed it was negligence in the engineer to do what he did do, the plaintiff was entitled to recover.

The jury returned a verdict of $1,200 in favor of the plaintiff; and from the judgment thereon rendered the defendant appealed.

*Mr. Hugh L. Bond* and *Mr. Edward Duffy* for the plaintiff in error:

1. Where an engineer sees a person on the track, and he has no reason to suppose that he is unable to get off, or that he has not all his faculties about him, he has the right to assume that he is watchful; that he recognizes his danger in being on the track, and that he will get off; until he sees that, for some reason or other, he is unable to do so. *Herring* v. *R. R.*, 10 Ired. (L.), 402; *High* v. *R. R.*, 17 S. E. Rep., 79; *R. R.* v. *Schroeder*, 69 Md., 551; *Norwood* v. *R. R.*, 16 S. E. Rep., 4.

2. The statement made by the engineer does not prove that he was in any way negligent. On the contrary, it shows that he was attending to his duty, and if a trespasser were

injured on this account he has no right to complain. *Eddy v. Sedgwick*, 18 S. W. Rep., 564; *State, use of Bacon* v. *Railroad*, 38 Md., 482.

*Mr. Edmund Burke* for the defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

It is quite evident that the plaintiff's misfortune in this case was the result, either proximately or remotely, of his own negligence, and the heedlessness of youth constitutes no sufficient legal excuse for his indiscretion. This position, indeed, it is not sought to controvert. But it is sought to bring the case within the modification of the rule in regard to contributory negligence which is now very well established, and which is stated by Mr. Cooley in his work on Torts in the following language:

"If the defendant discovered the negligence of the plaintiff in time by the use of ordinary care to prevent the injury, and did not make use of such care for the purpose, he is justly chargeable with reckless injury and cannot rely upon the negligence of the plaintiff as a protection." Cooley on Torts, p. 674.

Another writer has equally well expressed the principle as follows: "Although the plaintiff has negligently exposed himself to the injury, yet if the defendant, after discovering the exposed situation, inflicts the injury upon him through a failure to exercise ordinary care, the plaintiff may recover damages."

Is this principle applicable to the plaintiff's case? Or, is the case to be governed by the general rule which visits the whole penalty of contributory negligence on the plaintiff himself?

It will be noticed that it is reckless injury and wilful negligence that will not excuse a defendant, when they occur after a case of contributory negligence in the plaintiff. Negligence superimposed upon negligence does not amount to wilfulness; nor is the failure, superinduced by negligence, to

have knowledge of a dangerous condition the equivalent of actual knowledge of such condition. And it is only when a defendant has actual knowledge of the plaintiff's danger, and could, by the exercise of ordinary care and prudence, have avoided the resulting injury, that the plaintiff is relieved from the liability of having his own negligence charged against him, and the defendant's negligence is regarded as the proximate and exclusive cause of the injury. The fact that it may have been negligence in the defendant not to have known the plaintiff's danger, and that the defendant might have ascertained the danger by the exercise of due care, cannot be permitted to have the effect of actual knowledge, so as to charge the defendant with recklessness. To allow such an effect would result in the overthrow of the whole doctrine of contributory negligence. It would be impossible, upon such a theory, ever to hold any one to the consequences of his own misconduct. For if negligence to acquire knowledge were the equivalent of knowledge, in the contemplation of the law of torts, every act of negligence should be construed as an act of wilfulness.

The case of the *Inland and Seaboard Coasting Co.* v. *Tolson*, 139 U. S., 551, which went to the Supreme Court of the United States from this District, was a case in its general character and circumstances not very unlike the present case. Tolson, the plaintiff in that case, while standing on the wharf of the defendant company, was injured by having his foot crushed between the timbers of the wharf in consequence of the negligent management of a steamboat belonging to the company, which the plaintiff had hailed and which the officers of the boat, in answer to his call, had backed so violently as to crush the timbers and injure the plaintiff. At the trial of the case an instruction had been given in the following words: "Although the rule is that, even if the defendant be shown to have been guilty of negligence, the plaintiff cannot recover if he himself be shown to have been guilty of contributory negligence which may have had something to do in causing the accident, yet the con-

tributory negligence on his part would not exonerate the defendant, and disentitle the plaintiff from recovering, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequence of the plaintiff's negligence."

Commenting upon the action of the trial court in granting this instruction, the Supreme Court of the United States, by Mr. Justice Gray, said: "The qualification of the general rule, as thus stated, is supported by decisions of high authority, and was applicable to the case on trial (citing several decisions). It was argued that this instruction was inapplicable, because there was no evidence that the defendant knew the peril of the plaintiff, or had either time or opportunity, by the exercise of any degree of care, to guard against it; that, if his negligence consisted in his standing in a dangerous position too near the edge of the wharf, the defendant was not bound to anticipate his remaining in that position; but that his negligence in fact consisted in his placing his foot between the flooring and a fender pile, which the defendant could not have been aware of or guarded against. It is true that the instruction could not apply, and therefore could not be understood by the jury to apply, to the latter alternative. But upon the question of the plaintiff's position and attitude the evidence was conflicting, and it was indisputable that the steamboat was approaching the wharf at his call, and for the purpose of receiving freight from his hands, and that her pilot and officers saw him as he waited on the wharf. The jury might well be of opinion that, while there was some negligence on his part in standing where and as he did, yet that the officers of the boat knew just where and how he stood, and might have avoided injuring him, if they had used reasonable care to prevent the steamboat from striking the wharf with unusual and unnecessary violence. If such were the facts, the defendant's negligence was the proximate, direct and efficient cause of the injury."

From this it is plain that the defendant's liability in such cases is based upon the fact that it had, or must have had,

actual knowledge of the plaintiff's danger, and that the negligence for which it is responsible is negligence supervening after discovery of such danger. That it had knowledge may, of course, be proved by the proof of circumstances from which the jury may infer it. When there is no proof of any such knowledge, or of any circumstances from which the jury might be justified in inferring its existence, this modification of the general rule will not apply.

In the present case there is no proof whatever that the defendant at any time before the accident knew the existence of the dangerous condition in which this plaintiff had improvidently placed himself. That dangerous condition is assumed to have been that the boy was asleep on the platform, in too close proximity to the railroad track. According to the uncontradicted testimony of the engineer, the fact that the boy was asleep did not become apparent to him until it was too late to prevent the accident; and there is nothing in the circumstances of the case that would justify the presumption that his statement was false, or that he had knowledge of the boy's condition, or that after his discovery of this condition he did not use all the care and prudence that he could to prevent the accident. When he first saw the boy he had no reason to suppose that the boy was not in the full possession of his senses, and would not move away, as any prudent person would do. It cannot be that the defendant was bound at all hazards to guard those who thought proper, with or without cause, to be upon its track, or in close or dangerous proximity thereto, from the consequences of their own negligence or recklessness.

When the circumstances of this case are carefully analyzed, it appears after all that, while it was a reckless act for the plaintiff to seat himself where he did and to go to sleep, he might have escaped the misfortune that overtook him if it had not been that he had his foot on the rail. It was this last circumstance that caused the disaster. If it had not been for this he would, it seems, have escaped injury. And this is a circumstance which the engineer did not notice at all

before the accident; and it is a circumstance which he could scarcely have been expected to notice. That he did not notice it cannot be charged as wilfulness against him or the defendant.

While, therefore, the instruction given by the court would have been entirely correct if the facts had warranted it, or there was any evidence on which to base it, we are of opinion that in this case there was no such evidence, and that, therefore, it was error to give the instruction. There was, however, contributory negligence in the plaintiff, conceded and beyond any question whatever; and the court should have instructed the jury, in consequence of such contributory negligence, to return a verdict for the defendant. Holding these views, we are compelled to reverse the judgment, and to remand the cause, with directions to set aside the verdict and award a new trial.

*Reversed.*